F.#2010R00815/NYNYE0612
DAS:AH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



MISC. 11-207

- - - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE :
RELEASE OF HISTORICAL CELL-SITE :
INFORMATION :
- - - - - - - - - - - - - - - - - - - - - -x

Amanda Hector, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for an Order, pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days, Sprint Nextel disclose recorded information identifying the base station towers and sectors that received transmissions from "push to talk" number 143-898-2557 and cellular telephone number 214-270-6656,[1] a telephone issued by Sprint Nextel subscribed to by Steve Reynolds (the "SUBJECT WIRELESS TELEPHONE") at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT WIRELESS TELEPHONE during any calls or text message transmissions, for the period from June 10, 2010 through September 10, 2010 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

---

[1] Documents obtained from Sprint Nextel indicate that the number 143-898-2557 corresponds to the "push to talk" feature which permits a cellular telephone user to use his cellular telephone as a walkie-talkie. Documents obtained from Sprint Nextel further indicate that the cellular telephone number that corresponds to the cellular telephone with push to talk number 143-898-2557 is 214-270-6656.

In support of this application I state the following:

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am also authorized to apply for an Order authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of Immigration and Customs Enforcement (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting an criminal investigation into possible violations of federal criminal law, including narcotics offenses in violation of 21 U.S.C. §§ 841(a) and 846 by an individual using the alias Jodedor ("Jodedor") and others. Second, it is

believed that Jodedor, and others known and unknown, have used the SUBJECT WIRELESS TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by providing leads as to Jodedor's whereabouts as well as other evidence relating to the illegal narcotics trafficking activities of Jodedor and others known and unknown.

      4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe the the information sought is relevant and material to an ongoing criminal investigation.

      a. During the investigation, conversations have been intercepted over a target's telephone ("TARGET TELEPHONE") pursuant to a court-authorized wiretap. The court order authorizing the wiretap of the TARGET TELEPHONE was issued by the Honorable Allyne R. Ross of the United States District Court for the Eastern District of New York on October 22, 2009. Interception occurred from October 22, 2009 to November 21, 2009. On November 21, 2009, the Honorable Carol B. Amon of the United States District Court for the Eastern District of New York re-authorized the interception of the TARGET TELEPHONE. Interception occurred from November 21, 2009 to December 21, 2009.

b. During intercepted conversations on the TARGET TELEPHONE, an individual referred to as "Jodedor" engaged in conversations related to narcotics distribution, specifically conversations in which Jodedor discussed supplying narcotics to others.

c. On April 16, 2010, a grand jury sitting in the Eastern District of New York returned a two-count indictment charging FNU LNU, also known as "Volkin," "Golki" and "Perez," ("Perez")[2] and others with: (1) conspiracy to import one kilogram or more of heroin into the United States on or about and between August 2008 and April 2010 in violation of Title 21, United States Code, Sections 963; and (II) conspiracy to distribute one kilogram or more of heroin on or about and between August 2008 and April 2010 in violation of Title 21, United States Code, Sections 846.

d. On January 19, 2011, Perez was arrested in New York. At the time of his arrest, Perez was in possession of a wallet in which a piece of paper with the handwritten name "Jodedor" and the number 143-898-2557 appeared.

e. Documents obtained from Sprint Nextel indicate that the number 143-898-2557 corresponds to the "push to

---

[2] This individual has since been identified as Gorkey Valenti Perez.

4

talk" feature of cellular telephone number 214-270-6656, which is the SUBJECT WIRELESS TELEPHONE.

5. Based upon the above proffer, the government requests that the Court issue an Order that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to Sprint Nextel to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from June 10, 2010 through September 10, 2010.

6. The government also requests that Sprint Nextel, and any other person or entity whose assistance is used to faciliate the execution of the Order be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Sprint Nextel; and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might alert the target to the existence of an investigation and could likely lead to the destruction and concealment of evidence and/or the flight of the target.

7. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. <u>See</u> 28 U.S.C. § 1746.

Dated:   Brooklyn, New York
         March 31, 2011

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Amanda Hector
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -
IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA   :   SEALED ORDER
FOR AN ORDER AUTHORIZING THE      :   OF AUTHORIZATION
RELEASE OF HISTORICAL CELL-SITE   :
INFORMATION                       :
- - - - - - - - - - - - - - - - - - - -x



MISC. 11-207

   This matter having come before the Court pursuant to an application by Assistant United States Attorney Amanda Hector, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days, Sprint Nextel disclose recorded information identifying the base station towers and sectors that received transmissions from "push to talk" number 143-898-2557 and cellular telephone number 214-270-6656, both of which correspond to a telephone issued by Sprint Nextel, subscribed to by Steve Reynolds (the "SUBJECT WIRELESS TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT WIRELESS TELEPHONE during any calls or text message transmissions, for the period from June 10, 2010 through September 10, 2010 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

   UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. §§ 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including narcotics offenses in violation of 21 U.S.C. §§ 841 and 846, being conducted by Immigration and Customs Enforcement (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that Sprint Nextel shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from June 10, 2010 through September 10, 2010.

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that Sprint Nextel, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Sprint Nextel or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT WIRELESS TELEPHONE, the subscribers of the telephones initiating incoming calls to or

receiving outgoing calls from the SUBJECT WIRELESS TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         March 31, 2011

                                S/Marilyn D. Go
                            UNITED STATES MAGISTRATE JUDGE
                            EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 11-207

- - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE           :    TO SERVICE PROVIDER
RELEASE OF HISTORICAL CELL-SITE        :
INFORMATION                            :
- - - - - - - - - - - - - - - - - - - - -x

TO: Sprint Nextel

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2701(c)(1) and (d), directing that within seven days Sprint Nextel disclose recorded information identifying the base station towers and sectors that received transmissions from "push to talk" number 143-898-2557 and cellular telephone number 214-270-6656, both of which correspond to a wireless telephone issued by Sprint Nextel subscribed to by Steve Reynolds (the "SUBJECT WIRELESS TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT WIRELESS TELEPHONE during any calls or text message transmissions, for the period from June 10, 2010 through September 10, 2010 (collectively, the "HISTORICAL CELL-SITE INFORMATION")

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that Sprint Nextel shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from from June 10, 2010 through September 10, 2010;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, Immigration and Customs Enforcement, Sprint Nextel and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, Sprint Nextel and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT WIRELESS TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT WIRELESS TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         March 31, 2011

                                        S/Marilyn D. Go
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        EASTERN DISTRICT OF NEW YORK